**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALLSTATE LIFE INSURANCE CO.,
    Interpleader Plaintiff,

vs.                                              CASE NO. 8:12-CIV-1474-T-17-AEP

CHAD RICKETSON, JOYCE HARRIS,
FRANK WILSON, and SUSAN D.
WILKES,
    Interpleader Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT

    This cause is before the Court on the interpleader plaintiff's motion for summary judgment of interpleader (Doc. 21) and the response thereto (25). Allstate Life Insurance Company (Allstate) filed an interpleader complaint pursuant to Rule 22, Fed. R. Civ. P. Allstate asserts that it is unable to determine the rightful beneficiary (or beneficiaries) of the proceeds to the insurance policy in question. The Court finds that the interpleader action is appropriate. *Genworth Life Insurance Co. v. Sehorne,* **2008 WL 912438 (M.D. Fla.).** Accordingly, it is

    **ORDERED** that the interpleader plaintiff's motion for summary judgment of interpleader (Doc. 21) be **granted**; the interpleader plaintiff shall, within thirty (30) days of this date, deposit the proceeds of the life insurance policy into the registry of this court, including applicable interest, if any; the Clerk of Court is directed to deposit the subject funds

in to an interest bearing account; all claimants and potential claimants to the proceeds are restrained from instituting action against Allstate Life Insurance Company to recover those proceeds, or any part thereof; the claimants and potential claimants shall have thirty (30) days from this date to file their claims for the policy proceeds, in accordance with the requirements of the rules of this Court, as the respective rights to the proceeds must be settled among those claimants; Allstate Life Insurance Company is discharged from all further liability and is dismissed from this cause of action with prejudice; and the interpleader plaintiff is awarded reasonable attorneys' fees and costs.  The motion for fees and costs must be filed within thirty (30) days of the date.  The Court urges the claimants in this cause of action to try to settle this case amicably before they are required to file their respective claims and spend further funds prosecuting and defending their rights to the $150,000.00 death benefit.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 20th day of November, 2012.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record